FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
7/12/2019 4:22 PM
JAMIE SMITH
DISTRICT CLERK
B-204096

CAUSE NO. B-204096

| | | |
|---|---|---|
| COY STARK AND CHENOA STARK | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | JEFFERSON COUNTY, TEXAS |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY, WORLEY CLAIMS, TY YOUNG and KYLE FOLLAND | § § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Coy Stark and Chenoa Stark ("**Plaintiffs**"), and file this Plaintiffs' Original Petition, complaining of Defendants United Property & Casualty Insurance Company, Worley Claims, Ty Young and Kyle Folland (hereinafter collectively referred to as "**Defendants**") and for cause of action would show the following:

### DISCOVERY

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### PARTIES

2. Plaintiffs Coy Stark and Chenoa Stark are individuals residing in Jefferson County, Texas.

3. Defendant United Property & Casualty Insurance Company is an alien or foreign insurance company registered to engage in the business of insurance in Texas. This defendant may be served with process via certified mail, return receipt requested, by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3135, or wherever else it may be found.

EXHIBIT C

4. Defendant Worley Claims is an alien or foreign adjusting company registered to engage in the business of adjusting insurance claims in Texas. This Defendant does not reside in Texas and has not appointed an agent for service of process. Therefore, pursuant to the Texas Long Arm Statute, this Defendant may be served with process via certified mail, return receipt requested by serving its President or any officer, P.O. Box 249, Hammond, LA 70404, or wherever else it may be found.

5. Defendant Ty Young is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster. This Defendant does not reside in Texas and has not appointed an agent for service of process. Therefore, pursuant to the Texas Long Arm Statute, this Defendant may be served with process via certified mail, return receipt requested at 6355 Jenny Lane, Lumberton, TX 77657, or wherever else he may be found.

6. Defendant Kyle Folland is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster. This Defendant does not reside in Texas and has not appointed an agent for service of process. Therefore, pursuant to the Texas Long Arm Statute, this Defendant may be served with process via certified mail, return receipt requested at 11150 4th Street N, St. Petersburg, FL 33716, or wherever else he may be found.

## JURISDICTION

7. The Court has jurisdiction over this cause of action because there is no diversity between the parties.

8. Plaintiffs are seeking monetary relief between $100,000.00-$200,000.00. Plaintiffs reserve the right to change this amount as is discovery continues.

9. The court has jurisdiction over Defendant United Property & Casualty Insurance Company because this Defendant is a foreign insurance company that engages in the business of

insurance in the State of Texas and Plaintiffs' causes of action arise out of this Defendant's business activities in the state of Texas.

10. The court has jurisdiction over Defendant Worley Claims because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiffs' causes of action arise out of this Defendant's business activities in the state of Texas.

11. The court has jurisdiction over Defendants Ty Young and Kyle Folland because these Defendants engage in business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of these Defendants' business activities in the State of Texas.

## VENUE

12. Venue in this cause is proper in Jefferson County because the insured property is situated in Jefferson County. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

13. Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "**the Policy**"), which was issued by United Property & Casualty Insurance Company (herein referred to as "**Insurance Company**").

14. Plaintiffs own the insured property, which is specifically located at 2819 Uvalde Avenue, Nederland, Texas 77627 (hereinafter referred to as "**the Property**").

15. Insurance Company sold the Policy insuring the Property to Plaintiffs.

16. On or about May 3, 2019, Plaintiffs sustained slab, foundation and water damage to the Property.

17. Plaintiffs filed a claim (claim No. 2019TX122094) with their Insurance Company for the damages to their home. Pursuant to the Policy, Plaintiffs asked that the Insurance Company pay for the damage to the Property.

18. The Insurance Company and/or the adjusting company, Worley Claims ("**Adjusting Company**") assigned adjusters, Ty Young and Kyle Folland (referred to as "**Adjuster**") to adjust Plaintiffs' claim. Adjuster was improperly trained by Adjusting Company and Insurance Company, or otherwise neglected any such training and failed to perform a complete investigation of the Claim.

19. On May 21, 2019, Kyle Folland sent a reservation of rights letter to Plaintiffs stating that coverage has not been determined and further investigation into Plaintiffs' prior claims is ongoing. Ty Young was hired by Worley and/or UPC to go to Plaintiffs' Property, inspect the Property, and provide an estimate of damage. Subsequently, on June 14, 2019, Kyle Folland sent a "declination letter" stating that no coverage would be provided as the damage(s) are specifically excluded within the policy.

20. Adjuster's inadequate investigation was ratified upon by Adjusting Company and Insurance Company in this matter and resulted in the Claim being denied.

21. Adjusting Company's and Insurance Company's personnel failed to thoroughly review and properly oversee the work of their assigned Adjuster, ultimately approving an improper adjustment and an inadequate, unfair denial of Plaintiffs' claim.

22. This unreasonable investigation resulted in the considerable underpayment and denial of Plaintiffs' claim.

23. Together, Defendants Insurance Company, Adjusting Company, and Adjuster set out to deny and underpay properly covered damages. The Insurance Company failed to provide full coverage for the damages sustained by Plaintiffs and failed to fully scope the damages, and undervalued the damages, thus denying adequate and sufficient payment to Plaintiffs.

24. The mishandling of the claim has also caused a delay in Plaintiffs' ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs have yet to receive full payment under the Insurance Policy.

25. The Insurance Company intentionally chose and adopted a business model that provided for retaining very few, if any, qualified adjusters as employees, and instead relied upon outside contractors to perform the Insurance Company's non-delegable duties of investigating claims in accordance with applicable Texas law. In addition, the Insurance Company compensated its outside contractor adjusters by incentivizing them to exclude or artificially minimize the amount of damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law. Further, the Insurance Company had no or inadequate procedures in place to monitor or regularly audit the work product of its outside adjusters. Therefore, the Insurance Company was reasonably aware, or knew or should have known, that claims estimates generated by its adjusters, inclusive of the estimates at issue in this case were wholly deficient by any measure under the contract and the law and likely to result in considerable underpayment and wrongful denial of claims, as occurred with Plaintiffs' claim.

26. Moreover, Adjuster and Adjusting Company were aware that the Insurance Company was incentivizing them to minimize the amount of damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law. Adjuster and Adjusting Company accepted these terms knowing that they would likely cause their inspections and resulting claims estimates to exclude or artificially minimize the amount of damages payable under its policies, while forcing policyholders with such claims to self-perform

material aspects of the claim investigation without training or instruction, and in express contravention to Texas law.

27. As detailed in the paragraphs below, Insurance Company wrongfully denied Plaintiffs' claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Insurance Company denied Plaintiffs' claim by not providing full coverage for the damages sustained by Plaintiffs.

28. Insurance Company continues to delay paying Plaintiffs for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their home.

29. Insurance Company voluntarily assumed a non-contractual obligation to inspect and value Plaintiffs' damages, thereby causing its conduct to be governed by the applicable provisions of the Texas Insurance Code. However, it then failed to comply with its duties and obligations under the law for inspecting and valuing covered losses, and likewise failed to perform its contractual duty to adequately compensate Plaintiffs for monies owed to them under the Policy. More specifically, but without limitation, Insurance Company failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. As such, and as further described herein, Insurance Company's conduct in this regard constitutes both a violation of the applicable provisions of the Texas Insurance Code, as well as a breach of the insurance contract between Insurance Company and Plaintiffs.

30. Defendants Insurance Company, Adjusting Company, and Adjuster misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. As such, Defendants Insurance

Company's, Adjusting Company's, and Adjuster's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

31. Defendants Insurance Company, Adjusting Company, and Adjuster failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. As such, Defendants Insurance Company's, Adjusting Company's, and Adjuster's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

32. Defendants Insurance Company, Adjusting Company, and Adjuster failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Insurance Company, Adjusting Company, and Adjuster did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. As such, Defendants Insurance Company's, Adjusting Company's and Adjuster's conduct in this regard is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

33. Defendants Insurance Company, Adjusting Company, and Adjuster failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Insurance Company, Adjusting Company, and Adjuster. As such, Defendants Insurance Company's, Adjusting Company's and Adjuster's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

34. Defendants Insurance Company, Adjusting Company, and Adjuster refused to fully compensate Plaintiffs under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants Insurance Company, Adjusting Company, and Adjuster performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the property. As such, Defendants Insurance Company's, Adjusting Company, and Adjuster's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

35. After receiving notice of Plaintiffs' claim, Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code to timely and within the statutorily mandated time acknowledge Plaintiffs' claim, begin an investigation of Plaintiffs' claim and request all information reasonably necessary to investigate Plaintiffs' claim. As such, Insurance Company's conduct in this regard constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.055.

36. Insurance Company failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.056.

37. Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Insurance Company has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS.CODE §542.058.

38. From and after the time Plaintiffs' claim was presented to Insurance Company, the liability of Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Insurance Company has refused to pay Plaintiffs in full, despite there being no basis on which a reasonable insurance company would have relied on to deny the full payment. As such, Insurance Company's conduct in this regard constitutes a breach of the common law duty of good faith and fair dealing.

39. Defendants' wrongful acts and omissions, as further detailed herein, Plaintiffs were forced to retain the professional services of the attorneys and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION

## CAUSES OF ACTION AGAINST DEFENDANT ADJUSTER AND ADJUSTING COMPANY

40. In support of the causes of action set forth herein, Plaintiffs' incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 38 as if fully set forth *verbatim*.

41. Insurance Company assigned Adjusting Company and Adjuster to adjust the claim. Adjusting Company and Adjuster were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During their investigation, Adjusting Company and Adjuster failed to properly assess Plaintiffs' damages which resulted in the improper denial of the claim.

42. As such, Adjusting Company's and Adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

43. Defendants Ty Young and Kyle Folland are individually liable for their unfair and deceptive acts, irrespective of the fact they were acting on behalf of Insurance Company, because they are a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjustor* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). *See also, Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.* 996 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

44. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Adjusting Company's and Adjuster's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Adjusting Company's and Adjuster's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

45. Adjusting Company's and Adjuster's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

46. Adjusting Company and Adjuster failed to explain to Plaintiffs the reason for their inadequate settlement. Specifically, Adjusting Company and Adjuster failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Adjusting Company and Adjuster did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Adjusting Company and Adjuster, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis as set forth in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

47. Adjusting Company's and Adjuster's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

48. Adjusting Company and Adjuster did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' damages, although reported by Plaintiffs.

Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

## CAUSES OF ACTION AGAINST UNITED PROPERTY & CASUALTY INSURANCE COMPANY

49. In support of the causes of action set forth herein, Plaintiffs' incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 47 as if fully set forth *verbatim*.

50. Insurance Company is liable to Plaintiffs for breach of contract, as well as intentional violations of the Texas Insurance Code and breach of the duty of good faith and fair dealing.

## BREACH OF CONTRACT

51. Insurance Company's conduct constitutes a breach of the insurance contract made between Insurance Company and Plaintiffs.

52. Insurance Company's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Insurance Company's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

53. Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

54. Insurance Company's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

55. Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2(A).

56. Insurance Company's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

57. Insurance Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

58. Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

59. Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

60. Insurance Company's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE §542.055.

61. Insurance Company's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

62. Insurance Company's delay of the payment of Plaintiffs' claim following its receipt of all items, statements and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

63. In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 61 as if fully set forth *verbatim*.

64. Adjusting Company and Adjuster are agents of Insurance Company based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the Insurance Company. TEX. INS. CODE §4001.051.

65. Separately, and/or in the alternative, as referenced and described above, Insurance Company ratified the actions and conduct of Adjusting Company and Adjuster, including the completion of their duties under the common and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

66. In support of the causes of action set forth herein, Plaintiffs' incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 64 as if fully set forth *verbatim*.

67. Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiffs in their Policy.

68. Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although at that time, Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DAMAGES

69. In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 67 as if fully set forth *verbatim*.

70. Plaintiffs would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiffs.

71. As previously mentioned, the damages have not been properly addressed or repaired, causing further damages to the Property while also causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants mishandling of Plaintiffs' claim in violation of the laws set forth above.

72. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorneys' fees.

73. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees.

74. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as the prejudgment interest, penalty interest pursuant to Chapter 542.060(c), cost, together with attorneys' fees. TEX. INS. CODE §542.060.

75. For breach of common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the Insurance Company owed, and damages for emotional distress.

76. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

77. Plaintiffs are not seeking damages over $74,500.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## JURY DEMAND

78. Plaintiffs hereby request that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Jefferson County, Texas. Plaintiffs are tendering the appropriate jury fee.

## CONDITIONS PRECEDENT

79. All conditions precedent to Plaintiffs' claim for relief have been performed or have occurred.

## REQUEST FOR DISCLOSURE

80. Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l) and Rule 190.2(b)(6).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves to be justly entitled.

Respectfully Submitted,

RAMSEY LAW

*/s/ Michael R. Ramsey*
Michael R. Ramsey
State Bar No. 16520200
Katherine D. Ramsey
State Bar No. 24070469
Randal Cashiola, Of Counsel
State Bar No. 03966802
6280 Delaware Street, Ste A
Beaumont, Texas 77706
T: 409.444.2020
F: 409.444-2021
ramseydocket@ramseylaw.com

**ATTORNEYS FOR PLAINTIFFS**